Catkon, Ch. J.
delivered the opinion of the court.
The circuit judge charged the jury, that if there was no liability resting on William Milton, and the credit was extended to Philip alone, then the promise was original, and without the statute; but if William and Philip were jointly trusted, and both held responsible, and so charged on the books of the plaintiffs, then the promise was collateral on the part of Philip, because he undertook to pay. the debt of William.
That the goods were advanced on the joint credit of both, is evident. They stand so charged on the books; and these were given in evidence for some of the articles, on the oath of one of the plaintiffs under the book-debt law.
Our act provides, (1801, ch. 25,) that no action shall be brought, whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person, unless the promise or agreement upon which the action shall be brought, shall be in writing, &c.
*578 So far as the statute operates on the present case, ours and the English act are the same. If Philip Milton promised for the debt of William, then the promise is void. This is plain enough. But it is insisted, no debt existed when the promise was made, and the credit given was founded on the promise. This can make no difference; until the goods were delivered the promise was not binding; it took effect on the delivery, if at all. If William was bound to pay for the goods, it was his debt; Philip could not be bound unless in writing. It follows, they could not be jointly charged. On the English statute, the construction contended for on the part of the plaintiffs in error, to some extent had prevailed, although it was not settled until in Maston vs. Washam, (2 Term Rep. 80,) the rule was laid down by Buller, J. “that if the person for whose use the goods are furnished be liable at all, any other promise by a third person to pay that debt, must be in writing, otherwise it is void by the statute of frauds. There the promise had been made before the goods were furnished. Since that decision, (1787,) it has been uniformly holden in Engalnd, that there is no distinction between a promise to pay for goods furnished for the use of another, made before they were delivered or after. Robts. on Frauds, 209.
We think this construction accords with the intention of the Legislature, which was, that no one should be bound to pay for property received by others, unless the deliberation of a written agreement had intervened: and second, that a naked promise could be easily proved, and not possibly disproved, in most instances, and therefore, should only be established by written evidence.
Judgment affirmed.